NATIONAL CARLOADING CORPORATION

*v.*

ARKANSAS MOTOR FREIGHT LINES, INC., et al.

(*Nashville,* December Term, 1956.)

Opinion filed February 8, 1957.

ANTHONY J. SABELLA, Memphis, for petitioner-appellant.

GLENN M. ELLIOTT, Memphis, for respondent-appellee.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The sole question on this appeal is whether the Chancellor erred in denying the petition of a labor union identified as Highway & Local Motor Freight Employees Union, Local No. 667 for leave to become a party defendant, and "be allowed to plead or answer in the cause".

The suit was instituted by National Carloading Corporation, a concern doing business for the public in interstate commerce, against Arkansas Motor Freight Lines, Inc., and other carriers of freight. The allegation of the bill is that these carriers are unlawfully refusing, for the allegedly illegal reasons stated in the bill, to receive freight tendered them for transportation to complainant in Memphis, or to receive freight offered there to these carriers by complainant for transportation to consignees. These carriers do receive such freight for, and from, other concerns engaged in similar businesses. The bill seeks to terminate this allegedly unlawful discrimination by means of a temporary and permanent injunction.

The decree does not state the Chancellor's reason for denying the petition. The petition states that this Union represents, as bargaining agent, the employees of a majority of the defendant carriers, and that the relief sought by complainant would compel these carriers to

violate their bargaining agreements and require their employees to do that which such employees have a right not to do. But the petition does not state what it intends to assert in the plea or answer which it seeks leave to file. However, a stipulation entered into by this Union and the complainant recites that petitioner "desired to be permitted to intervene in said cause in order that they (it) might then file therein pleas in abatement challenging the jurisdiction of the Court", and that it so stated to the Chancellor in argument.

■■ The general rule in both state and federal Courts is that intervention will not be allowed where the intervener questions the jurisdiction of the Court. It is only allowed when the intervention is "in subordination to, and in recognition of, the propriety of the main proceeding". 33 A.L.R.2d 478; 39 American Jurisprudence, page 951.

The decree of the Chancellor denying intervention will be affirmed with costs taxed against this Union and surety on its appeal bond.